UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ESMERELDA RUIZ** | **CASE NO. 2:25-CV-00664** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANCEAMERICA INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## **MEMORANDUM ORDER**

Before the Court is "Plaintiff's Motion for Reconsideration" (Doc. 30) wherein Plaintiff requests that this Court reconsider its order denying remand in this matter. Plaintiff also requests that the Court allow it to conduct limited jurisdictional discovery as to Defendant, Vasquez-Morales' citizenship.

For this Court to reconsider the denial of Plaintiff's Motion to Remand, Plaintiff must either establish that the court: (1) committed manifest error of law or fact in its judgment; (2) establish that new evidence is available; (3) establish that reconsideration is needed in order to prevent manifest injustice; or (4) establish that there has been an intervening change in controlling law. *Lightfoot v. Hartford Fire Ins. Co.*, 2012 WL 711842, at *3 (E.D. La. 2012).

Plaintiff requests additional limited discovery to establish Defendant, Aurelio Vasquez-Morales's domicile. Plaintiff remarks that it has been informed that the Calcasieu Parish District Attorney's Office issued a warrant for his arrest based on his failure to appear in Court for DWI charges arising out of the June 2, 2024, incident that is the subject of this lawsuit.

Plaintiff asserts the same arguments made with regard to the Motion to Remand and has not provided any new evidence as to Vasquez-Morales's domicile. A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

As noted by Defendants, Plaintiff did not file a motion for jurisdictional discovery, nor did he request a stay or an extension of the Motion to Remand to conduct discovery. As such, the Court finds that Plaintiffs' request is untimely. See *Bourgeois v. Bell Helicopter Textron, Inc.*, 2017 U.S. Dist. LEXIS 60007, fn. 1, (S.D. Tx 2017) ("...request for further jurisdictional discovery—contained in the body of his response to Rolls' motion to dismiss—is both untimely and an improper venue for requesting such relief."

Plaintiff has failed to submit new evidence. Plaintiff has failed to establish a manifest error of law or fact or an intervening change in controlling law. Additionally, Plaintiff has failed to establish that reconsideration is needed in order to prevent manifest injustice. As such, the Court finds that Plaintiff has failed to persuade this Court to reconsider its previous ruling denying its request for a remand. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Reconsideration (Doc. 30) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 6th day of October, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**