**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ESMERELDA RUIZ** | **CASE NO. 2:25-CV-00664 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANCEAMERICA INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**C/W**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **GEORGE HOMSI** | **CASE NO. 2:25-CV-00867 (Member)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANCEAMERICA INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss" (Doc. 63) wherein, Defendant, Aurelio Vasquez-Morales, through counsel, moves to dismiss all claims made by Plaintiff, George Homsi, pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5). Counsel,

Kenneth Whittle represents Morales in the Ruiz matter[1] but in the Homsi matter, Morales was never served.

## BACKGROUND

Plaintiff, Homsi alleges the following in his Petition for Damages.[2] On or about June 2, 2024, George Homsi was traveling west in a 2022 Ford F-150 on Interstate 10 with passenger Esmeralda Ruiz, when Defendant, Aurelio Vasquez-Morales, who was driving a 2003 Honda Accord, was also traveling west on Interstate 10. Morales suddenly and without warning struck the rear of Mr. Homsi's vehicle, causing him injuries.

Plaintiff Homsi filed suit in state court and Plaintiff Esmeralda Ruiz also filed suit in state court. While in state court, Ruiz executed service on Defendant Morales, but Homsi did not. Defendants removed both cases to this Court, and both Plaintiffs filed Motions to Remand. The Motions to Remand were denied. Thereafter, the two cases were consolidated.

In the Homsi case, Plaintiff requested and was granted two (2) 90-day extensions to effectuate service.[3] As of this date, the record further reflects that Morales has not been served in the *Homsi* case, and neither Plaintiffs, nor Defendants know his whereabouts.

## LAW AND ANALYSIS

Defendant, Morales, through counsel, moves to be dismissed for lack of service. After being granted two (2) 90-day extensions to effect service, and Plaintiff's failure to

[1] The record reflects that Morales was served at 2596 LA 3059 TRL #58, on December 16, 2024, through a person named Juan Carlos Martinez. Doc. 1-2.
[2] Doc. 1-2.
[3] Civ. Action 2:25-867, Docs. 33 and 34; Civ. Action 2:25-664, Docs. 48 and 54.

effectuate service, counsel for Morales, moves to dismiss this Defendant. As noted hereinabove, Morales was served in the *Ruiz* matter, but not in the instant *Homsi* matter.

Defendant maintains that it is Plaintiff's obligation to locate a defendant's address and provide it to the court for the issuance of service, citing *Shirah v. Falcon*, 2026 WL 554492 (E.D. La. 2026). Rule 4(m) of the Federal Rules of Civil Procedure requires service to be performed within 90 days of filing:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"In removed cases, the Rule 4(m) 90-day period starts to run upon removal to the federal district court, not the date the action was originated in state court." *Lantz v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 662989, at *4 (M.D. La. Feb. 17, 2017). Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the court to dismiss a civil action when service of process is inadequate or "insufficient".

The Fifth Circuit stated in *Veazey v. Young's Yacht Sale & Serv., Inc.*, that:

> [t]o permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated, and the statute of limitations no longer protect defendants from stale claims. Rule 4(m) must have some teeth if it is to avoid becoming a last-ditch federal tolling mechanism for dilatory state tort claimants.

*Id.* at 476–77. Additionally, courts in this Circuit have consistently held that "[d]issmissal is appropriate where there appears to be no reasonable likelihood that Plaintiff would be able to locate and serve the defendant. See *Wright v. TDCJ-CID Dir.*, 2023 WL 3589777 (E.D. Tx. 2023) 2023 WL 3589777 ("Dismissal is appropriate where, as here, there appears to be no reasonable likelihood that Plaintiff will be able to locate and serve the Defendant"); See also *Peterson v. Gregg County Sheriff Office*, 2024 WL 5098510 (E.D. Tx. 2024) ("Because the Defendant has not been timely served, and Plaintiff has not shown any likelihood of service or other good cause to further extend the time for service, the district court should dismiss Plaintiff's claims against Defendant Mason, without prejudice, for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m)"); *Jurado v. Lopez*, 2008 WL 2676627 (W.D. Tx. 2008) (Granting dismissal pursuant to FRCP Rule 4(m) on the basis that "there is no longer 'a reasonable prospect that service may yet be obtained.'"); See *Malone v. Boeing Company*, 2021 WL 4505437 (E.D. La. 2021) (Dismissing claims without prejudice under FRCP Rule 4(m)); See *Reichard v. Franklin*, 2007 WL 845194 (E.D. La. 2007) (Dismissing claims without prejudice under FRCP Rule 4(m)); See also *Eytalis v. National Association of Realtors*, 2025 WL 1260647 (N.D. Tx. 2025), report and recommendation adopted, 2025 WL 1260648.

Defendant notes that the *Homsi* matter was removed to this Court on June 20, 2025 and since that time, despite two (2) 90-day extensions of time being granted, as of this date, neither Plaintiff nor Defendant know where Morales is residing or where he can be served. As such, Defendant argues that because Plaintiff will be unable to effectuate service on Morales, Plaintiff, George Homsi's claims must be dismissed against this Defendant.

Plaintiff maintains that pursuant to Louisiana Code of Civil Procedure article 5091(A)(1)(a), the Court should appoint Attorney Kenneth Whittle as a curator for service of process and/or to accept service on behalf of Morales. Louisiana Code of Civil Procedure Article 5091 provides, in pertinent part, as follows:

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

Plaintiff relies on Federal Rule of Civil Procedure 4(e)(1), which provides the following:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; ....

Defendant argues that federal law applies once the case has been removed citing *Foster v. Rescare, Inc.*, 2016 WL 3388387 (E.D. La. 2016), citing *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1975); *Ellis v. Mississippi Farm Bureau Casualty Insurance Company,* 2020 WL 2466247 at fn 30 (E.D. La. 2020) ("After removal, service is governed by federal statute, 28 U.S.C. § 1448, which provides that in any case where service was not properly made in state court, "process or service may be completed

or new process issued in the same manner as in cases originally filed in district court."). As such, Defendant maintains that Louisiana Code of Civil Procedure article 5091 does not apply.

Defendant submits numerous other federal district court cases that have consistently held that article 5091 cannot be applied in federal court. *Ware v. Daybrook Fisheries, Inc.*, 2015 WL 7296654 (E.D. La. 2015); *Lantz v. State Farm Mutual Automobile Insurance Company*, 2017 WL 662989 (M.D. La. 2017); *Truong v. Dinh*, 2025 WL 1380703 (E.D. La. 2025); *Hebert v. Spears*, 2018 WL 4386105 (E.D. La. 2018), *Peters v. T & T Farms, Inc.*, 2018 WL 11452345 (W.D. La. 2018) and *Sabree v. Whelan Security Co.*, 2018 WL 11541976 (M.D. La. 2018).

Defendant further remarks that because Defendant Morales has not been served, this Court has not personal jurisdiction over him, citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Murphy*, citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff*, 484 U.S. 97 (1987); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438 (1946) ("[S]ervice of summons is the procedure by which a court...asserts jurisdiction over the person of the party served.").

Additionally, Defendant asserts that Rule 4(f) is inapplicable as it only governs service on individuals outside of the United States, noting that this provision is titled as "**Serving an Individual in a Foreign Country**," and provides that "[u]nless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States." Here, there is no indication that Defendant Morales is in a foreign country.

The Court finds that Louisiana Civil Code article 5091 is inapplicable. Defendant Morales has not been served despite more than sufficient time to effectuate service. Additionally, due to the unlikelihood of effectuating service on this Defendant, Plaintiff's claims against Defendant Morales will be dismissed.

## CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss (Doc. 63) and dismiss Defendant Morales without prejudice.

**THUS DONE AND SIGNED** in chambers on this 14th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**