**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ESMERELDA RUIZ** | **CASE NO. 2:25-CV-00664 LEAD c/w CASE NO. 2:25-867 MEMBER** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ASSURANCEAMERICA INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment (doc. 78) filed by Defendant, Aurelio Vasquez- Morales, who moves to dismiss Plaintiff's claims for (1) future mental pain and suffering, (2) future loss of enjoyment of life, (3) past, present and future disability, (4) past lost wages, and (5) lost future earning capacity.

## BACKGROUND

This lawsuit involves an accident that occurred on or about June 2, 2024.[1] The Plaintiff alleges that Defendant Aurelio Vasquez-Morales was operating his vehicle when he struck the rear of George Homsi's vehicle causing injury to Homsi and Plaintiff, Esmeralda Ruiz.[2] As noted herein, both Homsi and Ruiz filed two separate lawsuit, which have now been consolidate.[3]

[1] Petition for Damages, ¶ 2, Doc. 1-2.
[2] This case was consolidated with 2:25-867, doc. 40; The record of both cases reflect that Defendant was served in the instant suit, but not served in 2:25-867. Pursuant to a Motion to Dismiss (doc. 63), the Court issued a Memorandum Ruling and Judgment (docs. 74-75) dismissing Defendant, Vasquez-Morales, for failure to effect service in Civ. Action 2:25-867.
[3] Doc. 40.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In his statement of undisputed facts, Defendant asserts that Plaintiff's medical records contain no disability findings or diagnosis,[4] no impairment or impairment rating,[5] no mention of work restrictions,[6] no mention of physical restrictions,[7] and no mention of reduced work capacity.[8]

*Future mental pain and suffering*

Defendant moves to dismiss Plaintiff's claims for future mental pain and suffering. Defendant maintains that Plaintiff has provided no medical records to evidence any mental pain and suffering, or future mental pain and suffering. Defendant asserts that Plaintiff's medical records provide that there were "[n]o mood disorder or recent psychosocial stressors,"[9] her "mood and affect [are] appropriate"[10] and that she "[d]enies changes in baseline mood or mental health."[11]

Pain and suffering, both physical and mental, refers to the pain, discomfort, inconvenience, anguish, and emotional trauma that accompanies an injury. *McGee v. A C And S, Inc.,* 933 So.2d 770, 775 (La. 7/10/06).

[4] ¶ 1, Doc. 78-1.
[5] *Id.* ¶ 2.
[6] *Id.* ¶ 3.
[7] *Id.* ¶ 4.
[8] *Id.* ¶ 5.
[9] Defendant's exhibit a, pp. 14, 19, 28, 33, 38, and 45.
[10] *Id.* pp. 15, 19, 22, 29, 34, 39, 45, 54, 168, and 176.
[11] *Id.* pp. 167 and 176.

Plaintiff relies on *Aych v. State Farm Mut. Auto. Ins. Co.*, wherein the jury awarded plaintiff future pain and suffering damages for injuries sustained in a motor vehicle accident. 374 So.3d 1000, 1005 (La. App. 5 Cir. 10/31/23). Defendant appealed, arguing there was no evidence warranting an award of future pain and suffering damages. *Id.* at 7. The court of appeal upheld the jury award noting there was evidentiary support, in the form of plaintiff's testimony, that she will continue to experience pain and suffering in the future. *Id.* at 9.

Plaintiff submits her deposition testimony corroborated by her medical records, wherein she testified that the automobile accident caused her to suffer neck and back pain on a day-to-day basis with a rating of 8 out of 10 at the time of the accident and a 6-7 out of 10 at the time of her deposition on March 6, 2026.[12] She rated her back pain as a 7 out of 10 at the time of the accident and 5-6 out of 10 on the date of her deposition.[13] She also testified that there has been little improvement since the date of the accident.[14]

The Court finds that Plaintiff has submitted summary judgment evidence to create a genuine issue of material fact for trial as to Plaintiff's claims for future mental pain and suffering.

*Present and future loss of enjoyment of life*

"Loss of enjoyment of life is a compensable component of general damages." *Brossett v. Howard,* 998 So.2d 916, 930, (La. App. 3 Cir. 12/10/08), *writ denied,* 3 So.3d 492 (La. 3/6/09) citing *McGee v. A C & S, Inc.,* 933 So.2d 770, 774 (La.7/10/06). This

[12] Plaintiff's exhibit, Ruiz Deposition, pp. 60-61, Doc. 81; Doc. 81-4.
[13] *Id.* pp. 61-62.
[14] *Id.* p. 62:7-9.

component of general damages "refers to detrimental alterations of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury". *Arabie v. Citgo Petroleum Corp.,* 175 So.3d 1180, 1185 (La. App. 3 Cir. 10/7/15), *writ denied,* 184 So.3d 694 (La. 1/8/16).

Defendant argues that Plaintiff's subjective testimony cannot establish a nonspeculative bases granting an award for present and future loss of enjoyment of life. Plaintiff testified that prior to the accident, she was a star athlete on McNeese's track and field team where she participated in the hammer throw, weight throw, shot put, and discus.[15] She also testified that she had plans to continue competitive track and field in Mexico where she hoped to compete in hammer throw at the Olympics as her "marks were pretty competitive" for purposes of qualifying. But that after the June 2024 accident she never went back to track and filed based on her treating physicians' recommendations.[16]

As noted herein, Plaintiff's treating physicians have documented Plaintiff's claims of continued pain in her neck and back and her continued treatment since the accident.[17] As such, there is a genuine issue of material fact for trial as to Plaintiff's claims for present and future loss of enjoyment of life.

*Past, present and future disability*

Defendant contends that Plaintiff's medical records contain no findings of past, present, future or permanent: (1) disability, (2) impairment or impairment rating, (3) work restrictions, or (4) reduced work capacity. Additionally, Defendant asserts that no doctor

[15] *Id.* p. 17:5-10.
[16] *Id.* pp. 63:10-14; 65:9-15; 65:20-66:7.
[17] Plaintiff's exhibit, Doc. 81-4.

or medical provider placed Plaintiff on any permanent work and/or physical restrictions or found that any disability prevented her from performing her job.

Defendant asserts that the medical records do not establish the existence of a disability, and thus Plaintiff cannot be awarded past, present or future disability damages.

Disability damages are recognized as those general damages constituting any permanent disability or impairment that is secondary to the injuries sustained in the accident. *Brossett v. Howard,* 998 So.2d 916, 931 (La. App. 3 Cir. 12/10/08) *writ denied,* 3 So.3d 492 (La. 3/6/09), citing *Matos v. Clarendon Nat'l Ins. Co.*, 808 So.2d 841 (La.App. 1 Cir. 2/15/02). Moreover, an award for disability may include compensation for limitations on activities. *Sengsouly v. Allstate Insurance Co.,* 744 So.2d 649, (La.App. 3 Cir. 6/9/99), *writ denied,* 749 So.2d 677 (La.11/19/99).

Plaintiff relies on *LeBleu v. Safeway Ins. Co. of Louisiana*, 824 So.2d 422, 426 (La. App. 3 Cir. 5/22/02) wherein plaintiff sustained injuries in an automobile accident and was awarded damages for future loss of enjoyment of life combined with permanent disability. At trial plaintiff testified that her injuries restricted her from participating in activities as she once did. *Id*. On appeal, defendant argued that the medical evidence did not support an award of permanent disability. *Id*. The court of appeal noted that an award for disability may include compensation for limitations on activities. *Id*. As a result, the court of appeal upheld the trial court's damage award finding that her injuries restricted her once active lifestyle. *Id*.

Plaintiff, through counsel submits as summary judgment evidence Plaintiff's deposition testimony wherein she complained of neck and back pain, and frequent

numbness in her fingertips and toes with little improvement since the date of the accident that included limits to Plaintiff's day-to-day life.[18] Plaintiff also submits her medical records by Dr. Chaiban and Dr. Petilon that indicate Plaintiff had complaints and limitations concerning her normal exercise/activity regimen because of her symptoms. Dr. Chaiban recommended that she modify her activities to "minimize prolonged static head position," and later, Plaintiff's backpain and limitations continued with Dr. Chaiban recommending that she continue "conservative management, including activity modification."[19] Dr. Chaiban also recommended extensive treatment for the rest of Plaintiff's life as a result of the automobile accident, which if unsuccessful, he would perform surgery.[20]

The Court finds that Plaintiff has created a genuine issue of material fact for trial as to her claims for past, present and future disability.

*Past lost wages and loss of future earning capacity.*

Plaintiff informs the Court that she is not making a claim for past lost wages and loss of future earning capacity.[21] As such, these claims will be dismissed.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendant's Motion for Partial Summary Judgment to the extent that Plaintiff's claim for past lost wages and loss of future

[18] Plaintiff's exhibit, Esmeralda Ruiz deposition, pp. 60-70, Doc. 81-3.
[19] Doc. 78-5, p. 34, Doc. 78-3, p. 180, Plaintiff's exhibit, Doc. 81-2, pp. 10, 19.
[20] Affidavit of Dr. Gassan Chaiban, ¶ 2, and PP. 1-19, Doc. 81-2;
[21] Doc. 81, p. 2.

earning capacity will be dismissed with prejudice; otherwise, the Motion for Partial Summary Judgment will be denied.

**THUS DONE AND SIGNED** in chambers on this 18th day of November, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE